UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLYSTINA ROGERS on behalf of D.P.F.R.,

Plaintiff,

-against-

CYNTHIA LOPEZ; MICHAEL MILLSAP;
NEW ALTERNATIVES FOR CHILDREN,

Defendants.

24-CV-1142 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff alleges that Family Court Judges Cynthia Lopez and Michael Milsap[1] "have kidnapped her child from Blythdale Children's Hospital . . . ."[2] (ECF 1 at 2.)

By order dated February 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] Plaintiff spells the name for this defendant as "Millsap," but in court documents attached to the complaint, he is listed as the Honorable Michael R. Milsap.

[2] Plaintiff brought a separate action against Blythdale Children's Hospital, *Rogers v. Blythdale Children's Hosp.*, No. 24-CV-1141 (LTS) (S.D.N.Y.), and an action against Defendant New Alternatives for Children, *Rogers v. ACS*, No. 1:23-CV-03612 (PGG) (OTW) (S.D.N.Y.) (mediation pending).

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Phillystina Rogers makes the following allegations:

> New Alternatives for Children, Michael Milsap, an Cynthia Lopez . . have kidnapped my child from Blythdale Children's Hospital and withheld [her] since January 2020 . . . with no probable reasons or explanation.

(ECF 1 at 3.)[3]

Plaintiff further alleges that "Family Court Judges an[d] Child Protective Services are currently trying to illegally and wrongfully adopt my child for no apparent reason." (*Id.* at 6.) Family Court Judge Cynthia Lopez "forced [Plaintiff] to get Mental Health Services" and "told [her] attorney and the ACS Child Attorney and the Courts [that Plaintiff had] to have sessions with [a] therapist an[d] talk about why [she] ended up having [her] daughter put into foster care." (*Id.* at 7.) Plaintiff attaches to the complaint an April 29, 2022 order issued by Judge Lopez, granting the foster mother for D.P.R.F. a temporary order of protection against Plaintiff. (*Id.* at 35.)

Plaintiff also attaches to the complaint two orders from Family Court Judge Michael Milsap. The first order, which is dated July 12, 2018, states that D.P.R.F. is deemed "a neglected child" and authorizes temporary removal of the child. (*Id.* at 10.) That order states that the "parents continue to misuse drugs and fail to comply with mental health services and other court ordered services." (*Id.*) The second is an "Order of Fact-Finding," dated July 19, 2019, in which Judge Milsap writes that after hearing testimony and evidence, he enters a finding of neglect. (*Id.* at 14.).

Plaintiff sues Family Court Judges Milsap and Lopez, as well as New Alternatives For Children. Plaintiff does not specify the relief that she seeks.

## DISCUSSION

**A.     Suit on behalf of minor child**

Plaintiff Phillystina Rogers indicates that she brings this suit on behalf of her minor child.

---

[3] All spelling and punctuation are from the original unless otherwise noted.

A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected," and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

"In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Here, insofar as Plaintiff seeks to assert claims that belongs to her child, she cannot do so without counsel. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of her child, D.P.F.R.

**B.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity*." Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

4

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).[4]

Plaintiff sues Judges Milsap and Lopez for their "acts arising out of, or related to, individual cases before [them]." *Bliven*, 579 F.3d at 210. She fails to allege any facts showing that Judges Milsap and Lopez acted beyond the scope of their judicial responsibilities or outside of their jurisdiction. *See Mireles*, 509 U.S. at 11-12. The Court therefore dismisses Plaintiff's claims against Judges Milsap and Lopez because the claims seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Duplicative Claims against New Alternatives for Children

In *Rogers v. ACS*, No. 1:23-CV-03612 (PGG) (OTW) (S.D.N.Y.), Plaintiff sues New Alternatives for Children and two of its employees. In that action, Plaintiff brings claims about two of her children, one of whom (D.P.R.F.) is also the subject of her claims in this action. Because Plaintiff's claims against New Alternatives for Children involving D.P.R.F. have already been raised in a pending action in this district, the Court dismisses Plaintiff's claims against New Alternatives for Children from this suit, without prejudice to her pursuing them in the pending action under docket number 23-CV-03612 (PGG) (OTW).

---

[4] Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff has not sought injunctive relief, and she makes no allegation that a declaratory decree was violated or declaratory relief was unavailable. *See, e.g.*, *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**CONCLUSION**

Plaintiff's claims against Family Court Judges Lopez and Milsap are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court dismisses Plaintiff's claims against New Alternatives for Children, without prejudice to her pending suit against New Alternatives for Children under docket number 23-CV-3612. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge